UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL NOTT

v.                                                          CASE NO. 3:13CV 130 (VLB)

CONNECTICUT HOME HEALTH SERVICES, LLC
SPINELLA & ASSOCIATES, P.C.                                 June 3, 2013

## PLAINTIFF'S OPPOSITION TO CHHS MOTION TO DISMISS

Plaintiff sued defendants for a single course of conduct: seeking payment from plaintiff for a debt he did not owe. That single course of conduct enables relief under the Fair Debt Collection Practices Act (FDCPA) as to defendant Spinella, and under the state law, such as the Creditor's Collection Practices Act (CCPA), as to Connecticut Home Health Services (CHHS).

CHHS moves to dismiss the two counts of the complaint that seek damages under state law for its "campaign to collect a balance allegedly due on the Services Agreement from Mr. Nott's son, Paul Nott." Complaint ¶6. Part of this campaign involved defendant Spinella sending a letter *on behalf of CHHS* demanding immediate payment and threatening suit. Complaint ¶8. This act was engaged in jointly by defendant Spinella (who thereby violated the FDCPA) and CHHS, who thereby violated state law. As recognized by the ancient legal axiom, 'Qui facit per alium facit per se' or "He who acts through another, acts himself."

This Court has virtually mandatory supplemental jurisdiction under 28 U.S.C.§1367(a) ('shall'). Itar-Tass Russian News Agency v. Russian Kurier, Inc. 140 F.3d 442, 446 (2d. Cir. 1998). The complaint alleges that both defendants engaged in the same course of conduct (unlawful collection of an account that

plaintiff did not owe) in virtually the same time frame, and the violations are parallel under the FDCPA and the almost identically worded CCPA.

The Second Circuit cautions that declining jurisdiction in the circumstances here requires a compelling reason. No such reason is present here.

> On remand, the District Court should exercise its discretion pursuant to subsection 1367(c) in light of our decision in *Itar-Tass,* particularly the caution there expressed concerning use of subsection 1367(c)(4), 140 F.3d at 448. In order to decline jurisdiction on this basis, the District Court should identify truly compelling circumstances that militate against exercising jurisdiction.

<u>Jones v. Ford Motor Credit Co.</u>, 358 F.3d 205, 215-16 (2d Cir. 2004).

As this Court recognized <u>Ensign Yachts, Inc v. Arrigoni,</u> 2010 WL 918107 *7-8 (D. Conn. Mar. 11, 2010):

> Thus, even when no independent basis for federal jurisdiction exists, a district court may exercise subject matter jurisdiction over state law claims when those claims are part of the same "case or controversy" that includes a federal claim. The Second Circuit has held that "disputes are part of the same case or controversy within §1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby McInerney & Squire, LLP,* 464 F.3d 328, 335 (2d Cir.2006) (internal quotation marks omitted). To determine whether claims arise from a "common nucleus of operative fact," the appropriate inquiry is whether "the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court." Id. "This is so even if the state law claim is asserted against a party different from the one named in the federal claim." *Id.*
>
> Here, it is clear that Ensign's claims against Saperstein, and all of its state law claims for that matter, arise from the same nucleus of operative fact as the Carmack claim against Arrigoni.

As in <u>Ensign Yachts</u>, this case involves a common nucleus of operative facts.

Other judges in this jurisdiction likewise retain jurisdiction of parallel pendent claims. <u>Sullivan v. Metro-North R.Co.</u>, 179 F. Supp. 2d 2, 6 (D. Conn.

2002) ("The facts underlying Plaintiff's RICO claims are inextricably tied up with the facts giving rise to the state-law claims-indeed, the complaint incorporates the state-law allegations by reference in the two RICO counts"); <u>Law v. City of Ansonia</u>, 2005 WL 3132703 *1-2 (D. Conn. 2005) ("The proof, the standards of care, and the remedies sought, are likely to be identical for both the federal and state law claims. See STT Global, at 456. Thus the court finds that it does not have a basis for declining supplemental jurisdiction over the state law claims pursuant to section 1367(c)(2)."); <u>Doe v. Norwich Roman Catholic Corp</u>., 606 F. Supp. 2d 244, 245-46 (D. Conn. 2009) ("[T]he Court does not have discretion to decline supplemental jurisdiction over the state-law claims because they neither 'substantially predominate' over, nor are "separate and independent" from, the RICO claims (citation omitted) With the federal- and state-law claims so closely related, the Court also may not sever and remand the state-law claims because doing so would not promote economy, convenience, fairness, or comity.")

CHHS claims that "These contract defenses would be more appropriate in the collection action in the Connecticut Superior Court." The Court can take judicial notice that there is no such collection action. (Defendants ultimately sued Plaintiff's sister, but did not carry out their threat to sue this plaintiff, who was not liable.) Thus, plaintiff need not await an unlikely state action to affirmatively assert the collection violations alleged herein, and should not be forced to re-file in state court to assert his valid collection claims.

### CONCLUSION

CHHS's motion should be denied.

**THE PLAINTIFF**

*Joanne S. Faulkner*

By: _____/s/ Joanne S. Faulkner_____
      Joanne S. Faulkner ct 04137
      123 Avon Street
      New Haven, CT 06511
      (203) 772-0395

**Certificate of Service**

**I hereby certify that on June 3, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.**

      ____/s/ Joanne S. Faulkner___
      JOANNE S. FAULKNER ct04137

4